SRM

**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Charles McManus,**<br>Plaintiff<br>-vs-<br>**D.L. Ridgley, et al.,**<br>Defendant(s) | CV-04-2813-PHX-MHM (JI)<br><br>**ORDER** |

Defendants filed a Motion to Dismiss (#9) on March 7, 2005 (#9), seeking to dismiss Plaintiff's complaint on the basis that he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). On March 18, 2005, Plaintiff responded (#13) to the motion to dismiss, arguing that Plaintiff has properly exhausted his remedies. At the same time that Plaintiff filed his Response, he also filed a "Notice" (#12) asserting that he had encountered difficulties in obtaining from the prison sufficient copies of his Exhibit #1. Exhibit 1 was attached to original Response, but not to the copies. On March 25, 2005, Defendants filed their Reply (#15) noting that they had not received copies of the Plaintiff's exhibits, and requesting an order directing service of the exhibits and an extension of time to reply. In addition, Defendants argue that Plaintiff has failed to show exhaustion of his remedies.

On April 12, 2005, Plaintiff filed a surreply labeled "Response to Motion to Dismiss" (#17). This filing restates the contents of the original response, adds an argument that presentation of the matter to the Director exhausts administrative remedies, and that Plaintiff has since submitted a notice of claim. Plaintiff attaches to this surreply the following Exhibits:

 1. An Inmate Grievance Appeal submitted by Plaintiff on October 19, 2004 to

- 1 -

Director Schriro, referring to the denial of a pen or pen filler by Defendants. The included response indicates that the appeal was rejected because it was "out of time frames."

2. A portion of an order in *McManus v. Gibson*, Case No. CV-01-1225-PHX-MHM (JI).

3. A Notice of Claim submitted by Plaintiff.

On April 13, 2005, Defendants filed a Notice to Court (#18) indicating the belief that Plaintiff's Surreply should be stricken on the basis that briefing was complete.

In the meantime, on March 24, 2005, the Ninth Circuit issued its decision in *Ngo v. Woodford,* 403 F.3d 620, 631 (9th Cir. 2005), finding that the PLRA's exhaustion requirement does not include a procedural default component. Rather, where an inmate's grievance is untimely, "the inmate must still submit his untimely grievance to the prison and appeal all denials of his claims completely through the prison's administrative process to satisfy the PLRA's exhaustion requirement." *Id.* at 629. When the prisoner has done so, the federal court may consider the claim. *Id.* at 631.

Rather than striking or ignoring Plaintiff's surreply and the exhibits submitted therewith, the Court will allow Defendants to further reply in light of that surreply and the decision in *Ngo*.

**IT IS THEREFORE ORDERED** that Defendants shall have ten days from the filing of this Order to further reply in support of their Motion to Dismiss, filed March 7, 2005 (#9).

DATED this 12th day of October, 2005.

_____
Mary H. Murguia
United States District Judge